1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RACHELLE DECKER,

11          Plaintiffs,                    No. CIV S-08-0814 MCE GGH

12      vs.

13   U.S. BANCORP dba U.S. BANK,           ORDER

14          Defendant.

15   _____/

16          The parties have sought to have the court sign a protective order where documents

17   designated by the parties as  "confidential," or "highly confidential" are automatically filed under

18   seal.  Some protective orders enable the parties to designate so much material as "confidential"

19   that, in essence, entire case filings are sealed.  The protective order submitted by the parties has

20   the same potential problem.  This court will not approve a protective order giving blanket

21   authority to the parties to designate what shall be filed under seal.

22          Discovery information disclosed in court filings generally is available to the

23   public.  See San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th

24   Cir.1999) ("[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a

25   \\\\\

26   \\\\\

1

1    court order to the contrary, presumptively public").[1]

2           Protective orders safeguard the parties and other persons in light of the otherwise

3    broad reach of discovery.  United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982).  The

4    court has great discretion to issue protective orders if discovery causes annoyance,

5    embarrassment, oppression, undue burden, or expense.  B.R.S. Land Investors v. United States,

6    596 F.2d 353, 356 (9th Cir. 1979).  Good cause, however, is required to obtain a protective order.

7    Fed. R. Civ. P. 26(c); Foltz v State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir.

8    2003); Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the

9    public can gain access to litigation documents and information produced during discovery unless

10   the party opposing disclosure shows 'good cause' why a protective order is necessary").

11           "Good cause" to bar the public from litigation documents must be more than

12   mere desire.  The party seeking protection must show specific prejudice or harm, including, with

13   respect to individual documents, particular and specific need.  Id.; San Jose Mercury News, Inc.,

14   187 F.3d at 1102; W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure

15   Before Trial § 11:88.  "If a court finds particularized harm will result from disclosure of

16   information to the public, then it balances the public and private interests to decide whether a

17   protective order is necessary."  Phillips, 307 F.3d at 1211 (citing Glenmade Trust Co. v.

18   Thompson, 56 F.3d 476, 483 (3d Cir.1995) (factors)).

19   ////

20   ////

21   ////

22   ////

23   ////

24

25        [1]  A party may have the right to protect  from public disclosure information which has
     been produced to the other party only because of discovery and which has not been filed with the
26   court.  Seattle Times v. Rhinehart, 467 U.S. 20, 33, 37, 104 S. Ct. 2199, 2207, 2209 (1984).

1          Accordingly, if the parties desire a protective order to be filed in this court, the

2   parties shall submit a protective order which permits a filing under seal only upon a

3   particularized showing of good cause.  Any such proposed protective order should bear the

4   undersigned's name on the signature line.

5          IT IS SO ORDERED.

6   Dated: December 12, 2008

7

8                           /s/ Gregory G. Hollows
                         GREGORY G. HOLLOWS
                         U. S. MAGISTRATE JUDGE

9   GGH:076/Decker0814.po.wpd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3